## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SARAH L. PLUMMER, **Plaintiff** | *<br>*<br>* |
| vs | * CIVIL ACTION NO.: 6:23-cv-92<br>* |
| JACK BRYON PIERCE and GEICO CASUALTY CO., **Defendants** | *<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ORIGINAL COMPLAINT

The Complaint of Plaintiff herein, Sarah L. Plummer, resident of Bossier City, Parish of Bossier, State of Louisiana, alleges and avers as follows:

### A.  PARTIES

1. Plaintiff, Sarah L. Plummer, is an individual that is a citizen of the State of Louisiana.

2. Defendant, Jack Bryon Pierce, is an individual domiciled in the State of Texas and residing in Smith County, Texas, and can be served with process at the following address:  714 Windover Lane Bullard, Texas 75757-5177.

3. Defendant, Geico Casualty Company (hereinafter "Defendant GEICO"), is a foreign corporation that is organized under the laws of the State of Maryland. Defendant has its principal place of business in the State of Nebraska. Defendant GEICO is the UM insurance carrier of Plaintiff, who obtained and held a policy of insurance under Louisiana law for uninsured/underinsured motorist coverage at the time of the collision made basis

1

of this complaint. Defendant GEICO can be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

## B.  JURISDICTION

4.     This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

5.     Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

6.     This lawsuit results from a collision that occurred on April 10, 2021, at approximately 2:11 pm at and/or near the intersection of State Highway 31 and County Road 25 in Tyler, Smith County, Texas

## D. FACTS

7.     Rhonda L. Goodrich, decedent, was driving a 2009 green Toyota Venza ("Goodrich vehicle"), traveling eastbound on State Highway 31 back to their home in Bossier City, Louisiana. Sarah L. Plummer was riding in the front passenger seat.

8.     State Highway 31 is a two-lane road with one eastbound lane and one westbound lane.

9.     Mrs. Goodrich and Mrs. Plummer saw two (2) people having an altercation on the eastbound shoulder of State Highway 31.

10. Mrs. Goodrich and Mrs. Plummer, both being in law enforcement, made the decision to turn around and see if they could assist the couple involved in the altercation.

11. The Goodrich vehicle made a U-turn and began traveling westbound on State Highway 31.

12. At that time, traffic in the eastbound lane of State Highway 31 came to a stop to avoid the people involved in the altercation.

13. After traveling in the westbound lane of State Highway 31, the Goodrich vehicle slowed again and put its blinker on to make a second U-turn.

14. A vehicle in the eastbound lane motioned for the Goodrich vehicle to execute the second U-turn to allow the Goodrich vehicle back into the eastbound lane of travel.

15. Immediately prior to the collision, Defendant, Jack Bryon Pierce, was driving a 2017 silver Toyota Tundra traveling in the westbound lane of State Highway 31 behind the Goodrich vehicle.

16. Defendant Pierce was driving his vehicle in a distracted manner, as he was not looking at the roadway ahead, but rather his attention was turned to the altercation occurring across the highway on the eastbound shoulder.

17. In Defendant Pierce's distracted state, his vehicle crossed over the double yellow lines into the eastbound lane of traffic and struck the Goodrich vehicle broadside in the eastbound lane of State Highway 31 as Mrs. Goodrich was executing the U-turn.

18. Defendant Pierce struck the Goodrich vehicle with such force instantly killing Rhonda L. Goodrich and pushed the Goodrich vehicle from the eastbound lane it was occupying into the grass on the side of State Highway 31.

19.     The collision was proximately caused by the negligence, negligence *per se*, and gross negligence of Defendant, Jack Bryon Pierce. As a result of the Defendant's negligence, Sarah L. Plummer suffered substantial injuries and other damages.

## E. NEGLIGENCE

20.     At the time of the accident, Defendant Pierce was operating his vehicle negligently. Defendant Pierce had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant Pierce breached that duty in one or more of the following ways:

1. Failure to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Failure to yield to avoid the collision in question;

3. Failure to yield to the right of way to vehicles in the roadway;

4. Failure to maintain his vehicle under control;

5. Failure to take proper evasive action;

6. Driving in an inattentive or distracted state;

7. Failure to observe the Goodrich vehicle;

8. Failure to use caution and avoid hitting the Goodrich vehicle;

9. Failure to act as a reasonable or prudent driver would have acted under similar circumstances;

10. Failure to observe the laws of the State of Texas.

21.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's fatal injuries and damages.

## F. DAMAGES

22. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following substantial injuries and damages:

 a. Past, present, and future pain, suffering, mental anguish, distress, and loss of social functions;

 b. Past, present, and future loss of wages and loss of earning capacity; and

 c. Past, present, and future loss of ability to engage in her normal and usual social, recreational, and family activity, including loss of household services and consortium.

23. In all reasonable probability, Plaintiff, Sarah L. Plummer, suffered substantial injuries and seeks compensation for such future damages.

## G. UNDERINSURED MOTORIST CLAIM

24. At all pertinent times hereto and in particular on April 10, 2021, Geico Casualty Company was the provider of a specific policy of automobile liability insurance pursuant to the laws of the State of Louisiana, policy number 4539-21-46-03, said policy including uninsured/underinsured motorist insurance in favor of the Plaintiff, Sarah L. Plummer.

25. Plaintiff shows that she is entitled to recover a reasonable damage award for the injuries received as a result of the negligence of others under the uninsured/underinsured provisions of Plaintiff's automobile liability insurance policy with Defendant, Geico Casualty Company, as the underlying coverage alone is insufficient to cover the extent of Mrs. Plummer's damages.

## H. PRAYER

26. For these reasons, Plaintiff asks for judgment against the Defendants for the following:

   11. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

   12. Pre-judgment interest at the maximum amount allowed by law;

   13. Post-judgment interest at the maximum rate allowed by law;

   14. Costs of suit; and

   15. Such other and further relief to which Plaintiff may be justly entitled.

[signature block on next page]

Respectfully submitted,

By:   /s/ Patrick R. Jackson
Patrick R. Jackson
Texas State Bar Roll No. 24002341
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA  71111
(318) 752-3335
(318) 752-3315 fax
pjackson@bossierlawoffice.com
ATTORNEY FOR PLAINTIFF